# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13cv353

| | |
|---|---|
| MARK ALAN ZUBOFF, | ) |
| Plaintiff, | ) |
| | ) ORDER |
| Vs. | ) |
| | ) |
| UNITED HEALTH GROUP | ) |
| INCORPORATED ET AL, and | ) |
| UNITED HEALTHCARE INSURANCE | ) |
| COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Motion to Remand to State Court, styled as an "Objection to Removal," in which defendant contends that this court has no subject matter jurisdiction over this case and should remand the matter back to state court. Plaintiff contends that his claim is for common law negligence and, relying on Woods v. Texas Aggregates, LLC, 459 F.3d 600 (5th Cir. 2006), argues that such claims cannot be removed to federal court. After reviewing the complaint, however, the court is satisfied that jurisdiction is proper and will therefore not remand this matter to state court.

Plaintiff seeks damages for medical payments he wrongfully incurred when defendant failed to reimburse health care providers for medical care he received. Such a claim falls squarely within the parameters of the civil enforcement provisions provided by ERISA § 502(a), 29 U.S.C. § 1132(a), which allow a participant "to recover benefits due to him under the terms of his plan." § 1132(a)(1)(B). As such, any state claims for the recovery of benefits under an ERISA plan are preempted by well-settled 4th Circuit and Supreme Court case law. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). The Supreme Court explained the rationale for

finding preemption as follows: "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Id. at 54.

The 5th circuit case cited by plaintiff, Woods v. Texas Aggregates, L.L.C., 459 F.3d 600, 601 (5th Cir. 2006), is inapplicable as the plaintiff there sought damages for injuries he sustained as a result of an unsafe workplace not for a failure to provide payments under an ERISA plan. The court, citing prior precedent, explained that the plaintiff's claims were "totally independent from the existence and administration of" the ERISA plan. Id. at 602-603. As explained above, however, plaintiffs are completely dependent on the administration of the ERISA plan.

While plaintiff may *characterize* his claim as negligence, it is quite clear from his complaint that he seeks the "benefits due to him under the terms of his plan." 29 U.S.C. 1132(a)(1)(B). And "[w]here a state law claim merely duplicates the remedies provided in § 502(a), the state law claim is completely preempted and will be recharacterized as a federal claim under § 502(a)." Woods, 459 F.3d at 603.

Accordingly, plaintiff's "Objection to Removal" (#6) is hereby **DENIED**. This matter is referred back to the Magistrate Judge for further disposition.

Signed: June 24, 2013

Max O. Cogburn Jr.
United States District Judge