# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-353-MOC-DCK

| | |
|---|---|
| MARK ALAN ZUBOFF, | ) |
|     Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| UNITEDHEALTH GROUP INCORPORATED, and UNITEDHEALTHCARE INSURANCE COMPANY, | ) |
|     Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss / Motion To Strike" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Mark Alan Zuboff ("Plaintiff" or "Zuboff"), appearing *pro se*, initially filed this action against UnitedHealth Group Incorporated ("UHG") in the Superior Court of Mecklenburg County, North Carolina on or about April 1, 2013. (Document No. 1-1, pp.6-15). Plaintiff amended his Complaint on April 3, 2013 to add a claim of emotional distress and to revise his claim for punitive damages. (Document No. 1-1, p.4). On or about May 9, 2013, Plaintiff again amended the Complaint to add UnitedHealthcare Insurance Company ("UHIC")(collectively with UHG, "Defendants") as a Defendant in this matter. Although Plaintiff's Complaint does not specifically articulate any "cause of action," Plaintiff generally alleges that Defendants were

negligent in the handling of Plaintiff's medical benefits -- benefits that arise from part of an employee welfare benefit plan.  (Document No. 1-1).

Plaintiff has been on disability leave from his employment at Bank of America since April 4, 2009, and has been receiving Medicare since October 1, 2011.  (Document No. 1-1, p.6). As an employee benefit, Plaintiff became a participant in the Bank of America medical plan available to Medicare Eligible Individuals on Long-Term Disability, a plan that is a supplement to Plaintiff's coverage through Medicare.  Id.

According to Plaintiff, Defendants have a duty to inform Medicare of Plaintiff's coverage with United so Medicare can forward those claims processed by Medicare to United and to send updates to Medicare every two weeks.  (Document No. 1-1, p.9).  This process is known as Medicare Cross-over.  Id.  In March of 2013, Plaintiff learned that Defendants allegedly failed to properly update Medicare so Plaintiff's claims were not being crossed over to United for processing and payment, and Plaintiff's healthcare providers were submitting bills to him. (Document No. 1-1, pp.9-10).  As a result, Plaintiff alleges that he had to make several phone calls and write letters in an effort to correct this problem.  (Document No. 1-1, p.10).  Plaintiff's Prayer for Relief seeks "monetary damages" and punitive damages and requests the Court to "order Defendant to take corrective action to ensure that every Medicare claim of Plaintiff that is supposed to be processed by UHC is crossed over to UHC by Medicare."  (Document No. 1-1, p.13).

After timely removal to federal court, United filed their "Motion to Dismiss / Motion To Strike" (Document No. 8) on June 13, 2013, on the basis that the claims were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6).  (Document Nos. 8 and

9). Furthermore, Defendants assert that the damages sought by Plaintiff are not recoverable in this ERISA action and Plaintiff is not entitled to a jury trial. Id.

Plaintiff filed his "Objection To Motion To Dismiss And Motion To Strike And Motion To Remand Case To State Court" (Document No. 12) on June 18, 2013. In this response, Plaintiff acknowledges that he is not complaining "that his medical claims were not paid or were denied in any part." (Document No. 12, p.2). Rather, Plaintiff contends that Defendants' alleged negligence in failing to inform Medicare after they finished processing Plaintiff's medical claims caused him emotional distress. Id. Specifically, Defendants' alleged negligence caused Plaintiff "to be inundated with medical bills from Plaintiff's healthcare providers that had only been paid by Medicare," and "made the sorting out Plaintiff's medical bills with his medical providers a living hell." (Document No. 12, pp.2-3). Plaintiff further clarifies "that is what Plaintiff is looking to be **compensated** for." (Document No. 12, pp.2-3) (emphasis added).

On June 21, 2013, Plaintiff filed a "Motion To Remand" (Document No. 13). On June 24, 2013, the Honorable Max O. Cogburn, Jr. issued an "Order" (Document No. 14) addressing Plaintiff's earlier "Objection To Removal" (Document No. 6) and clearly finding remand was inappropriate here. Judge Cogburn specifically opined that "[a]fter reviewing the complaint, . . . the court is satisfied that jurisdiction is proper and will therefore not remand this matter to state court." (Document No. 14, p.1). Judge Cogburn further opined:

> Plaintiff seeks damages for medical payments he wrongfully incurred when defendant failed to reimburse health care providers for medical care he received. **Such a claim falls squarely within the parameters of the civil enforcement provisions provided by ERISA** § 502(a), 29 U.S.C. § 1132(a), which allow a participant "to recover benefits due to him under the terms of his plan." § 1132(a)(1)(B). As such, **any state claims for the recovery of benefits under an ERISA plan are preempted by well-settled 4th Circuit and Supreme Court case law**. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). The Supreme

3

> Court explained the rationale for finding preemption as follows: "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Id. at 54.
>
> . . .
>
> While plaintiff may *characterize* his claim as negligence, it is quite clear from his complaint that he seeks the "benefits due to him under the terms of his plan." 29 U.S.C. 1132(a)(1)(B). And "[w]here a state law claim merely duplicates the remedies provided in § 502(a), **the state law claim is completely preempted and will be recharacterized as a federal claim under § 502(a).**" Woods, 459 F.3d at 603.

(Document No. 14, pp.1-2) (emphasis added).

Defendant's "Reply In Further Support Of Motion To Dismiss/Motion To Strike…" (Document No. 16) was timely filed on June 26, 2013. Based on the foregoing, and pursuant to Judge Cogburn's "Order" (Document No. 14), the undersigned issued an "Order" denying Plaintiff's "Motion To Remand" as moot on September 12, 2013. (Document No. 17).

Defendants' "Motion To Dismiss / Motion To Strike" (Document No. 8) is now fully briefed and ripe for review and a memorandum and recommendation to Judge Cogburn.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants effectively argue that the underlying plan at issue is governed by ERISA and falls within the scope of § 502(a). (Document No. 9, pp.4-5). Furthermore, this argument has since been adopted by the Court's orders denying remand. (Document Nos. 14 and 17). Defendants specifically assert that

> The sole action complained of by Mr. Zuboff is that [Defendants] erroneously removed him from the Medicare crossover process as described in paragraph 21 of Plaintiff's Complaint. See ¶¶ 21-33. As the Plaintiff is challenging

> [Defendants'] administration of this employee welfare benefit plan, these claims are completely preempted.

(Document No. 9, pp.5-6) (citing Marks v. Watters, 322 F.3d 316 (4th Cir. 2003)).

Defendants also argue that "[b]ecause § 502(a) of ERISA limits the Plaintiff to equitable relief, claims for compensatory, treble and punitive damages are not recoverable." (Document No. 9, pp.8-9) (citing 29 U.S.C. § 1132(a)(1)-(3); Darcangelo v. Verizon Communications, Inc., 292 F.3d 181 (4th Cir. 2002); Summer v. Carelink Health Plans, Inc., 461 F .Supp. 2d 482 (S.D.W.Va. 2006) (citing Griggs v. E.I. Dupont De Nemours & Co., 237 F.3d 371 (4th Cir. 2001)) (ERISA civil enforcement provision does not encompass compensatory damages); and Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 148 (1985) ("Thus, the relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims.")).

Finally, Defendants contend that relevant authority and "this Court's Order dated June 24, 2013, finding that Plaintiff's claim is completely preempted is the law of the case," require that "Plaintiff's Complaint must be dismissed for failure to state a claim under ERISA." (Document No. 16, p.4) (citing Document No. 14).

Based on Defendants arguments and cited authority, as well as this Court's previous orders, the undersigned agrees that dismissal here is appropriate. In short, it appears that Plaintiff's Complaint seeks compensatory and punitive damages that are unavailable to him under § 502(a) of ERISA.

However, *if* Plaintiff seeks to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan;" and/or seeks to "enjoin any act or practice … or obtain other appropriate equitable relief," the undersigned would recommend that Plaintiff file an appropriate motion to amend his Complaint before the expiration of the objection period explained below. See 29 U.S.C. §1132 (a).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Dismiss / Motion To Strike" (Document No. 8) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: September 13, 2013

David C. Keesler
United States Magistrate Judge